FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 24, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HECTOR LOPEZ,<br>    Plaintiff,<br>    v.<br>4M COLLECTIONS, LLC D/B/A DISCOVERY FINANCIAL SERVICES, a Washington limited liability company,<br>    Defendant. | No. 2:18-CV-00079-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss Under Rule 12(b)(6), ECF No. 5. Defendant requests the Court dismiss Plaintiff's Complaint because it fails to state an actionable claim under the Fair Debt Collection Practices Act's ("FDCPA"), 15 U.S.C. § 1962, *et seq.*, prohibition against false or misleading representations. *Id.* § 1692e. The Court held a hearing on May 18, 2018 in Spokane, Washington. Kirk Miller appeared on behalf of Plaintiff, and Marc Rosenberg appeared on behalf of Defendant. The Court took the motion under advisement. After careful consideration of the parties' briefings and presentation to the Court, Defendant's motion is **granted**.

## BACKGROUND

On or about February 3, 2018, 4M Collections, LLC d/b/a/ Discovery Financial Services ("Defendant") served a Whitman County District Court

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ^ 1**

summons and complaint (the "Summons") upon Plaintiff Hector Lopez. The summons[1] provided, in part:

> In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the court and the person signing this Summons, within twenty (20) days after the service of this Summons, excluding the day of service, or a Default Judgment may be entered against you without notice. A Default Judgment is one where plaintiff is entitled to what it asks for because you have not responded. If you serve a Notice of Appearance on the undersigned person, you are entitled to notice before a Default Judgment may be entered.

ECF No. 8, Ex. 1. The Summons was related to an alleged debt owed by Plaintiff; a debt Defendant was attempting to collect.

On March 2, 2018, Plaintiff initiated this action against Defendant pursuant to the FDCPA. ECF No. 1. Plaintiff alleges Defendant violated the FDCPA's prohibition against false or misleading representations in connection with the collection of a debt. *See* 15 U.S.C. § 1692e. Specifically, Plaintiff claims the language in the Summons constitutes a "false, deceptive, or misleading representation" because is states Plaintiff is required to both serve a copy of his response upon Defendant and file the same upon the court, "or Default Judgment may be entered against [him] without notice." ECF No. 8, Ex. 1. Plaintiff claims this statement is contrary to Washington law and the Washington Civil Rules for Courts of Limited Jurisdiction ("CRLJ"), which do not require a person serve his response to a lawsuit upon the court in order to avoid a no-notice default judgment.

On March 21, 2018, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5.

---

[1] In ruling on Defendant's motion, the Court takes judicial notice of the Summons as it provides the basis for the allegations in Plaintiff's Complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds* (holding that a district court ruling on a motion to dismiss "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.")

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ^ 2**

**STANDARD**

On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Under Rule 12(b)(6), a complaint "should not be dismissed unless it appears beyond doubt that [the] plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 535-36 (9th Cir. 1995).

Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating whether a complaint states a plausible claim for relief, courts rely on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Id.* at 679.

**DISCUSSION**

The FDCPA was created to protect consumers from unfair and deceptive debt collection practices. 15 U.S.C. § 1692. The statute prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Despite this broad language, however, not all false statements are actionable. To constitute a violation of the FDCPA, the alleged false statement must also be "material." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010).

Plaintiff's Complaint fails to state a plausible claim under the FDCPA because the language in the Summons does not constitute a "false, deceptive, or misleading representation." 15 U.S.C. § 1692e. Plaintiff argues the following language in the Summons is a false statement of Washington law and the applicable court rules: "In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the court and the person signing this Summons, within twenty (20) days after the service of this Summons, excluding the day of service, or a Default Judgment may be entered against you without notice." ECF No. 8, Ex. 1. Plaintiff argues this language constitutes a false statement because it suggests that in order to avoid a no-notice default judgment, a state-court defendant must both serve and file its response.[2]

The issue with Plaintiff's argument is that it ignores the language that immediately follows. "*If you serve a Notice of Appearance on the undersigned person, you are entitled to notice before a Default Judgment may be entered.*" ECF No. 8, Ex. 1 (emphasis added). Additionally, CRLJ 4(a)(2) specifically indicates that the summons "shall require the defendant to serve and file a copy of his

---

[2] Plaintiff accurately describes the rule governing when notice must be given before default judgment can be entered. CRLJ 55 allows a party to move for default judgment where "a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend." CRLJ 55(a)(1). "Any party who has appeared in the action for any purpose shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion." CRLJ 55(a)(3). "A defendant appears in an action when he or she answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his or her appearance. After appearance a defendant is entitled to notice of all subsequent proceedings." Wash. Rev. Code § 4.28.210. A court may also find a party substantially complied with the appearance requirement by less formal conduct. *See Morin v. Burris*, 160 Wash.2d 745, 757 (2007) Once a party appears in an action, the trial court lacks authority to enter a default judgment without notice to that party. *Hous. Auth. of Grant Cty. v. Newbigging*, 105 Wash. App. 178, 190 (2001).

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ^ 4**

defense within 20 days after the service of the summons …". Thus, when read as a whole, the summons accurately states the law and accurately informs the state-court defendant that once it serves its response to the opposing party, it is entitled to notice before default judgment may be entered.

## LEAVE TO AMEND

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal. *See* Fed. R. Civ. P. 15(a)(2). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *Cook, Perkiss and Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). In this case, the Court finds that granting leave to amend Plaintiff's FDCPA claim would be futile. As indicated above, the language in the Summons does constitute a "false, deceptive, or misleading representation." There are no additional facts that Plaintiff can allege to change the Court's analysis.

//
//
//
//
//
//
//
//
//

## CONCLUSION

When read in its entirety, the Whitman County District Court summons does not contain a "false, deceptive, or misleading representation." 15 U.S.C. § 1692e.

Accordingly, **IT IS HEREBY ORDERED**:

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ^ 5**

1\. Defendant's Motion to Dismiss Under Rule 12(b)(6), ECF No. 5, is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, to provide copies to counsel, and close this file.

**DATED** this 24th day of May 2018.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ^ 6**